

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*    *(203)821-3700*
*157 Church Street, 25th Floor*    *Fax (203) 773-5376*
*New Haven, Connecticut 06510*    *www.justice.gov/usao/ct*

July 12, 2022

Frank O'Reilly, Esq.
via Email

    Re:   <u>United States v. Lauren DiMassa a.k.a. Lauren Knox</u>
           Case No. 22cr33 (OAW)

Dear Attorney O'Reilly:

This letter confirms the plea agreement between your client, Lauren DiMassa a.k.a. Lauren Knox (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

## **THE PLEA AND OFFENSE**

In consideration for the benefits offered under this agreement, the defendant agrees to plead guilty to Count Three of the Indictment charging a violation of 18 U.S.C. § 1349.

The defendant understands that, to be guilty of this offense, the following essential elements must be satisfied:

1. Two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit mail or wire fraud, as charged in the Indictment; and
2. The defendant knew the unlawful purpose of the plan and willfully joined in it.

## **THE PENALTIES**

<u>Imprisonment</u>

Count Three carries a maximum penalty of 30 years of imprisonment. 18 U.S.C. §§ 1343, 1349.

1

### Supervised Release

In addition, the Court may impose a term of supervised release of not more than five years to begin after any term of imprisonment. 18 U.S.C. § 3583.

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to three years per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

### Fine

This offense carries a maximum fine of $1,000,000. The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted

### Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

Regardless of restitution that may be ordered by the Court noted above, the defendant agrees to make restitution in the amount of $147,776.10.

### Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (*i*) and § 3612(g).

## **THE SENTENCING GUIDELINES**

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that she has no right to withdraw her guilty plea if her sentence or the Guideline application is other than she anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and her offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on her prompt notification of her intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw her guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that she may not withdraw her plea of guilty if, for the reasons explained above, the Government

does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

### Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

### Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's base offense level under U.S.S.G. § 2B1.1 is 7. Eight levels are added under § 2B1.1(b)(G) because the loss exceeded $95,000 but was less than $150,000, making the adjusted offense level 15.

Two levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 13.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

An offense level 13, assuming a Criminal History Category I, would result in a range of 12 to 18 months of imprisonment (sentencing table) and a fine range of $5,500 to $55,000, U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of 2 years to 5 years. U.S.S.G. § 5D1.2.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that she will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement. Both parties reserve the right to argue for either a departure from these Guidelines or a non-Guidelines sentence.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate

calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

The defendant acknowledges and agrees that she is knowingly, intelligently, and voluntarily waiving the following rights:

Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that she has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent her.

The defendant understands that she has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against her, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in her defense. The defendant understands that by pleading guilty she waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if she pleads guilty, the Court may ask her questions about each offense to which she pleads guilty, and if she answers those questions falsely under oath, on the record, and in the presence of counsel, her answers may later be used against her in a prosecution for perjury or making false statements.

Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances she is entitled to challenge her conviction. By pleading guilty, the defendant waives her right to appeal or collaterally attack her conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims she might raise, the defendant waives her right to challenge her conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances, she is entitled to challenge her sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241 if that sentence does not exceed 18 months of imprisonment, a 5-year term of supervised release, a fine of $55,000, an order of restitution of $147,776.10, and a $100 special assessment, even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that she is entering into this agreement and is pleading guilty freely and voluntarily because she is guilty. The defendant further acknowledges that she is entering into this agreement without reliance upon any discussions between the Government and her (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges her understanding of the nature of the offense to which she is pleading guilty, including the penalties provided by law. The defendant also acknowledges her complete satisfaction with the representation and advice received from her undersigned attorney. The defendant and her undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to her with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving her.

## COLLATERAL CONSEQUENCES

The defendant understands that she will be adjudicated guilty of each offense to which she has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if she is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which she is licensed, or with which she does business, as well as any current or future employer of the fact of her conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of her participation in the criminal conduct that forms the basis of the Information in this case. After sentencing, the Government will move to dismiss Count 4 of the Indictment as it pertains to her.

The defendant understands that if, before sentencing, she violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw her guilty plea.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

Frank O'Reilly, Esq.
*Page 8*

This letter shall be presented to the Court, in open court, and filed in this case.

> Very truly yours,
>
> VANESSA ROBERTS AVERY
> UNITED STATES ATTORNEY
>
> *(signature)*
>
> RAY MILLER
> ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that she has read this plea agreement letter and its attachment(s) or has had it read or translated to her, that she has had ample time to discuss this agreement and its attachment(s) with counsel and that she fully understands and accepts its terms.

_____    7/12/22
Lauren DiMassa                    Date
The Defendant

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that she understands and accepts its terms.

_____    7/12/22
Frank O'Reilly, Esq.              Date
Attorney for the Defendant

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant Lauren DiMassa a.k.a. Lauren Knox (hereinafter "the defendant") and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to the Information.

Michael Dimassa and the defendant carried out a scheme to defraud the City of West Haven of money designed to be used to alleviate the economic impact of the COVID-19 pandemic. Michael DiMassa submitted multiple fraudulent requests for payment from the City of West Haven for services related to a Youth Violence Prevention Program and for Youth Violence COVID-19 Associated Expenses. These invoices listed charges for in-home counseling, cleaning supplies, special needs hourly service, wi-fi assistance for low/moderate income families, counseling services, license fees, a fall youth clinic, meals, support group supplies, equipment rental, and youth clinic support group. The payment vouchers requested that checks be made out to directly to the defendant.

When the defendant received a check from the City of West Haven, she would cash the check and then deposit a portion of the proceeds into her personal bank account. She would provide the remaining proceeds to Michael Dimassa. On one occasion, the defendant deposited the entire proceeds from a check into her personal bank account for her personal use.

During the period charged in this Indictment, the City of West Haven issued sixteen checks totaling approximately $147,776.10 to the defendant. During this period of time, the defendant never provided any services to the City of West Haven.

For example, August 23, 2021, the defendant deposited Check Number xxxxx1738 issued by the City of West Haven in the amount of $8,433.25 into her personal bank account, causing an interstate wire to occur.

This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

_____
Lauren Dimassa
The Defendant

_____
Ray Miller
Assistant United States Attorney

_____
Frank O'Reilly, Esq.
Attorney for the Defendant

## **RIDER CONCERNING RESTITUTION**

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A as follows:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense:

    A. Return the property to the owner of the property or someone designated by the owner; or

    B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

    The greater of -
    (I) the value of the property on the date of the damage, loss, or destruction; or

    (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

    A. Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

    B. Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

    C. Reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the Court-ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614. The Court

Frank O'Reilly, Esq.
*Page 12*

may also order that the defendant give notice to any victim(s) of her offense under 18 U.S.C. § 3555.