UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 3:22cr33 (OAW) |
| | : | |
| v. | : | |
| | : | |
| LAUREN KNOX | : | March 9, 2023 |

## GOVERNMENT'S SENTENCING MEMORANDUM

### Introduction

Lauren Knox and Michael DiMassa conspired to defraud West Haven of $147,776 by submitting fake invoices for services never received by the municipality. The defendant should be sentenced to a fair and just sentence in light of her criminal conduct.

### Procedural History

On July 12, 2022, the defendant pleaded guilty to one count of conspiracy to commit wire fraud. In the plea agreement, the parties agreed that the defendant's base offense level under U.S.S.G. § 2B1.1 is seven and eight levels are added because the loss exceeded $95,000 but was less than $150,000.

After subtracting two levels for acceptance of responsibility, the final offense level is 13. With a CHC of I, the defendant is exposed to term of incarceration of 12-18 months (Zone C) and a fine of $10,000 to $100,000. The probation officer's application of the Sentencing Guidelines is in accord with that anticipated by the

parties in the plea agreement.

After review of the PSR and the defendant's sentencing memo, there do not appear to be any disputed issues of either law or material fact in this case. Thus, Court must determine what is a fair and just sentence under 18 U.S.C. § 3553(a).

Sentencing is scheduled for March 23, 2023 at 10 am.

## Restitution

The Court should order the defendant to pay restitution to the City of West Haven in the amount of $147,776.10, such amount to be jointly and severally liable with Michael DiMassa.

To date, the defendant has not paid any restitution.

## Offense Conduct

Michael Dimassa and the defendant carried out a scheme to defraud the City of West Haven of money designed to be used to alleviate the economic impact of the COVID-19 pandemic. Michael DiMassa submitted multiple fraudulent requests for payment from the City of West Haven for services related to a Youth Violence Prevention Program and for Youth Violence COVID-19 Associated Expenses. These invoices listed charges for in-home counseling, cleaning supplies, special needs hourly service, wi-fi assistance for low/moderate income families, counseling services, license fees, a fall youth clinic, meals, support group supplies, equipment rental, and youth clinic support group. The payment vouchers requested that checks be made out to directly to the defendant. DiMassa retrieved the checks from West haven and delivered them to the defendant.

When the defendant received a payment, she cashed the check and then deposited a portion of the proceeds into her personal bank account. She provided the remaining proceeds to Michael Dimassa. On one occasion, the defendant deposited the entire proceeds from a check into her personal bank account for her personal use.

During the period charged in this Indictment, the City of West Haven issued sixteen checks totaling $147,776.10 to the defendant. During this period of time, the defendant never provided any services to the City of West Haven.

## Analysis of the § 3553(a) Factors

Section 3553(a) directs the district court to consider a number of factors in imposing a fair and just sentence. Each criminal case is different and emphasizes different combinations of § 3553(a) factors. In this matter, the government believes the most important § 3553(a) factors are the (1) the specific nature and circumstances of the offense, (2) promoting respect for the law; (3) just punishment and (4) general deterrence. As a backdrop to the Court's consideration of these factors, the government believes that of the four defendants involved in this case, this defendant is the least culpable.

### The Nature and Circumstances of the Offense

The defendant's crime constitutes a serious offense. The defendant stole municipal money. But what makes this crime even more serious is that a portion of the money was designed to help West Haven residents cope with a pervasive pandemic. The theft of 147K of municipal funds is a serious crime that warrants a serious punishment.

3

The defendant argues that she should receive a reduced sentence because her conduct was aberrational and that she has exceptional family circumstances. The defendant concedes in her brief that her conduct was not aberrational as that term is used in the Sentencing Guidelines to mitigate sentences, but instead was "uncharacteristic." *See* Def's Brief at 7. But the defendant's behavior occurred over a period of ten months and involved sixteen checks. As part of the scheme, the defendant went to the bank sixteen times to cash checks that she knew involved stolen money from West Haven. Then she would give a portion of the proceeds to DiMassa. For the latter part of the scheme, the checks involved money stolen from West Haven's Covid relief fund.

This was neither a single act nor short-lived scheme. The defendant engaged in criminal activity for almost a year. As such, it can hardly be said that her criminal conduct was "aberrant" or "uncharacteristic." After ten months, cashing checks with stolen money became routine for her. And she and DiMassa only stopped when they were caught by federal authorities. As such, this a serious crime over an extended period of time that deserves a sentence reflective of that reality.

The government agrees that the Court should consider the defendant's childcare responsibilities when fashioning a just sentence in this case under § 3553(a). Section 5H1.6, which governs departures form the Guidelines, counsels that "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." Further, the defendant's claim that she lacks a criminal history is not unusual in cases such as these. The lack of a prior

4

criminal history is common among many white-collar defendants that come before this Court. Indeed, it appears as if three of the four defendants involved in this case have no prior criminal history. And although she is a first-time offender, her crime was substantial. Actions have consequences.

## The Sentence Must Promote Respect for the Law, Provide Just Punishment and Offer General Deterrence

The sentence in this case must promote respect for the law. Here, the law prohibits the theft of public funds from citizens. The punishment must be just and reflect the fact that the defendant's crime impacted the West Haven community. And considering the crime involved funds were specifically earmarked to address an ongoing historic pandemic, the Court must fashion an appropriate sentence that recognize the seriousness of this crime while balancing the specific nature and characteristics of this defendant.

The government agrees with the defendant's assertion that specific deterrence is not an important consideration under § 3553(a) in this this case. But the Court should consider general deterrence in fashioning a fair and just sentence. The defendant stole money for almost a year from a municipality. Many municipal employees have access to public funds. In West Haven, there appear to have been few checks and balances that limited DiMassa's ability to steal money. Other municipal employees should know that theft of public funds will result in a felony conviction and engender significant consequences at sentencing.

## **Conclusion**

After considering the Sentencing Guidelines and the other sentencing factors under 18 U.S.C. § 3553(a), the Court should impose a fair and just sentence and order the defendant to pay of $147,776.10 in restitution.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

/s

RAY MILLER
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. CT 20451
157 CHURCH STREET, 23RD FLOOR
NEW HAVEN, CT 06510
(203) 821-3700

CERTIFICATE OF SERVICE

This is to certify that on March 9, 2023 a copy of the foregoing Memorandum was filed electronically.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

    /s

Ray Miller
Assistant U.S. Attorney